UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-53-2-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| SHERESE LANELLE WILLIAMSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Sever. For the reasons below, Defendant's Motion is DENIED.

## BACKGROUND

Defendant, along with her co-Defendant, Vincent Eloyd Hill, were indicted on one count of knowingly and intentionally possessing with the intent to distribute a quantity of heroin and a quantity of marijuana for an incident alleged to have occurred on November 10, 2009. Her co-Defendant was also charged with possession with intent to distribute a quantity of heroin; possessing a firearm after having been convicted of a felony; possessing a firearm in furtherance of a drug trafficking crime; and possessing with intent to distribute a quantity of heroin and a quantity of marijuana, and aiding and abetting related to an alleged incident on March 17, 2009.

## DISCUSSION

The Fourth Circuit has held that "barring special circumstances, individuals indicted together should be tried together." *United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981) (*citing United States v. Mandel*, 591 F.2d 1347 (4th Cir. 1976); *United States v. Mankins*, 497 F.2d 1265 (4th Cir. 1974); *United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971)). Unless it is clear that prejudice will result, there is a presumptive expectation that co-defendants should be

tried together. *See Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987). To require severance, a defendant "must establish that actual prejudice would result from a joint trial . . . not merely that a separate trial would offer a better chance of acquittal" *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995)(internal quotations and citations omitted).

Defendant argues that there is a heightened risk that evidence of her co-defendant's alleged wrongdoing could erroneously lead a jury to conclude that she was guilty in light of their different degrees of culpability. However, Defendant does not present to the Court any specific evidence which she feels would prove prejudicial in a joint trial with her co-Defendant. In addition, Ms. Williamson's co-Defendant is facing a number of charges from an entirely different day in which there is no evidence or allegation that Ms. Williamson was present or involved. Given that the evidence does not even suggest that she was innocently present during the March incident, the likelihood of confusion or prejudice is extremely minimal, and does not provide for an adequate basis for severance of this matter.

Defendants are charged with aiding and abetting one another in criminal activity in the alleged November incident. The evidence against both Defendants will likely be the same and to sever the trials would not be in the interest of judicial economy, where as here, there is no likelihood of prejudice. *Id.* (*citing United States v. Rusher*, 966 F.2d 868, 877 (4th Cir. 1992)). Therefore, Defendant,s Motion to Sever is DENIED.

## CONCLUSION

For the reasons above, Defendant's Motion to Sever is DENIED.

SO ORDERED.

This ꝏ6 day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE