IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:10-CR-53-2BO(1)

FILED

MAR - 7 2011

US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
v.                                )          **O R D E R**
                                  )
                                  )
                                  )
SHERESE LANELLE WILLIAMSON        )

This matter is before the Court on Defendant Sherese Lanelle Williamson's renewed

Motion for Judgment of Acquittal as well as her Motion for New Trial [DE 107, 108]. For the

following reasons, the Defendant's renewed Motion for Judgment of Acquittal and Motion for

New Trial [DE 107, 108] are DENIED.

## BACKGROUND

Defendant Sherese Lanelle Williamson and her co-Defendant Vincent Eloyd Hill were

charged in a five count Superceding Indictment [DE 66] alleging multiple violations of federal

law. The Superceding Indictment charged Williamson and Hill, in Counts 1 and 5, with

conspiracy with the intent to distribute and distribute one-hundred (100) grams or more of heroin

and a quantity of marijuana in violation of 21 U.S.C. § 846, and possession with the intent to

distribute a quantity of heroin and a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1),

and aiding and abetting in violation of 18 U.S.C. § 2.[1]

_____

[1]Hill was also charged, alone, in the Superseding Indictment with possession with
the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) (count 2);
possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924 (count
4); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18
U.S.C. § 924(c)(1) (count 3). All of these charges are alleged to have occurred on March 17,

Williamson was tried before a jury in the United States District Court for the Eastern District of North Carolina in Elizabeth City, North Carolina on February 7 and 8, 2011. The undersigned presided over Williamson and Hill's trial.

Williamson moved for judgment of acquittal on more than one occasion during the trial. On February 8, 2011, the Court, after closing arguments, but prior to instructing the jury on the law, granted Williamson's motion for judgment of acquittal as to Count 1, the conspiracy charge. As such, the Court ordered that Williamson be acquitted of Count 1, and a judgment was so entered [DE 98].

On February 8, 2011, the jury began deliberations. That same day, the jury reached a verdict. The jury found Williamson guilty of Count Five of the Superceding Indictment as to heroin and marijuana. The jury was then polled and released from service.

On February 8, 2011, following the jury verdict, Williamson moved for a judgment of acquittal, for a new trial, and requested additional time to file written motions. The Court denied the requests but indicated that Williamson could renew those motions at the appropriate time.

In the instant Motions, Williamson renews her request for judgment of acquittal, moves for a new trial, and requests additional time to further brief the pending Motions.

DISCUSSION

With respect to a post-verdict motion for judgment of acquittal, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." FED. R. CRIM. P. 29(c). A motion for judgment of acquittal should be denied if "viewing the evidence in the light most favorable to the

─────────────

2009. [DE 66].

2

government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982).

With respect to a motion for new trial, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). The Fourth Circuit provides the following guidance to trial courts adjudicating a motion for new trial:

> When the motion attacks the weight of the evidence, the court's authority is much broader than when it is deciding a motion to acquit on the ground of insufficient evidence. In deciding a motion for a new trial, the district court is not constrained by the requirement that it view the evidence in the light most favorable to the government. Thus, it may evaluate the credibility of the witnesses. When the evidence weighs so heavily against the verdict that it would be unjust to enter judgment, the court should grant a new trial.

*United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).

Here, a rational fact-finder could have found Defendant guilty beyond a reasonable doubt of possession with intent to distribute a quantity of heroin and marijuana. A judgment of acquittal, therefore, is not warranted. Moreover, considering the evidence presented at trial, and drawing reasonable inferences from it, the evidence does not "weigh so heavily against the verdict that it would be unjust to enter judgment." Thus, this Court cannot allow Defendant's request for a new trial.

Trial evidence revealed that on November 10, 2009, Defendant Williamson was speeding in a Honda Pilot on Interstate-95 in Johnston County, North Carolina. Williamson was, justifiably, stopped by a North Carolina State Highway Patrolman. Williamson's co-defendant Hill was sitting in the front passenger seat. After smelling a strong odor of raw marijuana, seeing the Defendant and Hill react nervously to simple questions, and hearing inconsistent stories as to

3

where the co-Defendants were coming from, the Patrolman asked for and obtained Williamson's consent to search the vehicle. This search revealed a sophisticated secret compartment containing 76 grams of heroin, 1.7 grams of marijuana, and an ammunition clip. After the co-Defendants were placed under arrest, Defendant Williamson was videotaped in a Patrolman's vehicle asking Hill, "So, what happened to the weed? So, what happened to the weed?"

Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found Defendant Williamson guilty beyond a reasonable doubt of possession with intent to distribute a quantity of heroin and marijuana. Moreover, considering the trial evidence as a whole and drawing reasonable inferences from it, the evidence does not "weigh so heavily against the verdict that it would be unjust to enter judgment." The interests of justice, therefore, do not compel this Court to grant Defendant a new trial.

Considering further the Defendant's request for additional time to supplement the briefs on the pending Motions, the request is denied. The undersigned presided over this recently conducted two-day trial, and is familiar with the evidence that was presented along with the parties' arguments relating to that evidence. The Court's familiarity with this case along with the present filings of the parties have adequately prepared the Court to adjudicate the pending Motions. Defendant articulates no sufficient grounds to permit an extension of time for the filing of supporting briefs beyond the time permitted pursuant to the Federal Rules of Criminal Procedure. Accordingly, Defendant's request for an extension of time to supplement the briefs on the pending motions is DENIED.

## CONCLUSION

Based on the foregoing, Defendant's renewed Motion for Judgment of Acquittal and

4

Motion for New Trial [DE 107, 108] are DENIED. Defendant's request for additional time to supplement the briefs is DENIED as well.

DONE and ORDERED, this 4 day of March, 2011 at Elizabeth City, North Carolina.


TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5